# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-10153
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON MONTERO, also known as Junior,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-181-5

————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ramon Montero appeals the 365-month sentence imposed following his conviction for conspiring to possess with intent to distribute 50 grams or more of methamphetamine. He argues that the district court clearly erred in imposing the U.S.S.G. § 2D1.1(b)(5) enhancement for importing methamphetamine and the § 2D1.1(b)(12) enhancement for maintaining a

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10153

drug-distribution premises.  We do not decide whether the district court clearly erred in imposing either enhancement because any error was harmless.

"An error in calculating a defendant's guidelines range will be harmless and not require reversal if the district court considered the correct guidelines range and indicated that it would impose the identical sentence if that range applied." *United States v. Rico*, 864 F.3d 381, 386 (5th Cir.), *cert. denied*, 138 S. Ct. 487 (2017).  In this case, the district court was aware of, and considered, the guidelines range that would apply without the enhancements and made clear that it would impose the same sentence even if the enhancements did not apply.  Therefore, any error was harmless.  *See id.* at 387.

Montero's arguments to the contrary are unavailing.  The requirements in *United States v. Ibarra-Luna*, 628 F.3d 712 (5th Cir. 2010), are not applicable here because the district court considered the purportedly correct guidelines range.  *See Rico*, 864 F.3d at 387 n.4.  Montero does not cite, and research has not revealed, any precedent that suggests a district court's propensity to impose a lower sentence on remand is relevant to the harmless error inquiry.  Moreover, as the Government argues, the example on which Montero relies is inapposite.

The judgment of the district court is AFFIRMED.

2